# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID HOWELL,  ) 3:17-cv-00449-MMD-WGC
  )
    Plaintiff,  ) **ORDER**
  )
vs.  ) Re: ECF Nos. 43, 44
  )
SHERIFF CHUCK ALLEN, *et al.*,  )
  )
    Defendants.  )
_____)

Before the court are two discovery motions filed by the Plaintiff. The first is his Motion to Compel to Defendant Allen (ECF No. 43), which Defendant opposed (ECF No. 45). Plaintiff filed a reply (ECF No. 47). The second motion is a Motion for Sanctions (ECF No. 44), which only Defendant Allen opposed (ECF No. 49). Plaintiff replied (ECF No. 51). The court will address the motions separately but will first address the background of Plaintiff's civil rights action.

## **BACKGROUND**

Plaintiff sued Washoe County Sheriff Chuck Allen and Officer "Smith" and "Officer Skagen" for an event which allegedly occurred at the Washoe County Jail on June 22, 2017, when Plaintiff complains he was subjected to "toxic fumes." Counsel for Defendant Allen, at the direction of the court, undertook an effort to identify Defendants "Smith" and "Skagen." (ECF No. 24). Counsel ascertained that the correct names for the Sheriff's deputies who were sued by Plaintiff were "Sean Smith" and "Heather Hagan." (ECF No. 25). The court ordered Sean Smith and Heather Hagan be substituted for "Officer Smith" and "Officer Skagen" respectively. (ECF No. 29).

///

The screening order entered by District Judge Miranda M. Du summarize Plaintiff's averments as follows:

> Plaintiff alleges the following facts. Plaintiff was exposed to and affected by toxic gases/fumes while in WCDC. (ECF No. 1-3 at 3). Defendant Sheriff Allen was aware of the toxic fumes from the construction of the roof of the unit where Plaintiff was housed at WCDC. (*Id.* at 4). Allen should have taken measures to ensure the toxic fumes would not affect inmates, including Plaintiff, but did not. (*Id.* at 4).
>
> The toxic fumes were most heavily concentrated in Plaintiff's cell. (*Id.* at 5, 6). After Defendants Deputies Smith and Skagen became aware of the toxic fumes, they released approximately 30 other, similarly-situated inmates from their cells, in order to protect those inmates from the toxic fumes and give them fresh air to breathe. (*Id.* at 5, 6). Smith and Skagen elected to keep Plaintiff in his cell rather than release him because he was asleep. (*Id.* at 5, 6). Plaintiff was very ill as a result of the toxic fumes and was taken to the jail infirmary in a wheelchair, and was treated with medication he took twice per day for six or seven days. (*Id.* at 3, 4, 5, 6). Smith admitted to Plaintiff, while Plaintiff was in the infirmary, that Smith and Skagen had released the other inmates to give them relief from the fumes, but left Plaintiff in his cell because he was sleeping. (*Id.* at 5, 6). Surveillance video will confirm Plaintiff's factual allegations. (*Id.* at 3, 5, 6). Plaintiff filed a grievance with WCDC regarding the issues stated in this complaint on or about June 28, 2017, but was transferred into the custody of NDOC before he could receive a response to his grievance. (*Id.* at 10).
>
> Plaintiff continues to suffer ongoing significant pain as a result of the toxic fumes. (*Id.* at 3, 4, 5, 6).

(ECF No. 12 at p. 4, ll. 6-26).

Judge Du allowed one claim to proceed against Sheriff Allen, i.e., that Allen knew about the roof construction and toxic fumes the construction allegedly generated, "but took no steps to protect inmates, including Plaintiff, from said fumes." Judge Du allowed Count I to proceed against Sheriff Allen regarding his alleged deliberate indifference to Plaintiff's safety. (*Id.* at 5).

The screening order also allowed an equal protection claim to proceed against Officers Smith and Skagen (now Hagan) for denying him equal protection by moving other inmates away from the fumes but not Plaintiff (Count II). The court rejected the equal protection claim averred in Count III as being duplicitous to those in Count II. Plaintiff's due process claims in Count IV were dismissed as no facts were alleged which would give rise to a viable due process claims. (*Id.* at 6).

///

Plaintiff's Eighth Amendment claims in Count V were allowed to proceed against Defendants Smith and Skagen (Hagan), i.e., deliberate indifference to the safety inmate Smith when Defendants Smith and Skagen (Hagan) failed to move Plaintiff from his "heavily fume laden cell." (*Id.* at 7).

To briefly summarize the claims which survived screening, Sheriff Allen is sued only in Count I under an Eighth Amendment deliberate indifference claim. Defendants Smith and Hagan are sued in Count II (equal protection: providing other inmates, but not Plaintiff, relief from toxic fumes) and in Count V (deliberate indifference to Plaintiff's safety).

Defendants have denied those allegations which were allowed by the screening order to proceed. (ECF Nos. 16, 32 and 33).

## Motion to Compel (ECF No. 43)

Plaintiff claims Defendant Allen's responses to interrogatories 1, 2, 3, 9, 15, 16, 23, and 24 were evasive. (ECF No. 43). Certain of the interrogatories pertained to the grievance Plaintiff submitted on June 25, 2017, following the fumes incident on June 22, 2017.[1] Per Exhibit B to Defendant Allen's opposition (ECF No. 45-2 at 4), Plaintiff's June 25, 2017 grievance about the fumes was responded to by a Sgt. Beard on June 28, 2017; Defendant Allen was not involved in the response.

Defendant Allen's opposition argues most of the challenged responses (1, 2, 3, 9, 15 and 16) pertained to jail video footage with which Defendant Allen was not involved or even familiar. Allen states in his discovery responses he was also involved with neither the June 25, 2017, grievance nor the video footage. (ECF No. 45-1). Defendant's counsel, in responding to Plaintiff's meet and confer letter, elaborated on the Sheriff's responses as follows:

> **Interrogatories I, 2, 3, 9, 15, and 16**
> These interrogatories concern video-surveillance footage that you mentioned in your June 25, 2017 grievance. As Sheriff Allen stated, he did not review the video-surveillance footage. Further, because the Washoe County Detention Facility has over 1000 inmates at any time, Sheriff Allen is unable to review, follow up on, or otherwise be involved in every grievance that an inmate submits. Sheriff Allen was not involved with your grievance and, consequently, does not know whether video-surveillance footage was reviewed as a result of your grievance. Even so,

---

[1] The grievance was submitted by Plaintiff under the name of "Andrew Gilliam" as that was the name Plaintiff provided when he was booked into the Washoe County Detention Facility. (ECF No. 49 at 2).

3

> Sheriff Allen directed you to then-Sergeant Beard's June 28, 2017 response to your grievance, document WC Howell 00065. That response speaks for itself. In particular, it suggested next steps for you to take in light of your request for money. For your convenience, document WC Howell 00065 is attached to this letter.
>
> Additionally, I reached out to now-Lieutenant Beard about June 22, 2017 video-surveillance footage. He did not review video-surveillance footage related to toxic fumes in housing unit six primarily because your grievance is the only one related to toxic fumes from June 22, 2017 roof work on housing unit 6, and fumes, toxic or otherwise, are virtually impossible to detect on video-surveillance cameras. You are welcome to direct further discovery requests about video surveillance footage to Lieutenant Beard.

(ECF No. 45-2 at 2).

The court finds Defendant Allen's responses to interrogatories 1, 2, 3, 9, 15 and 16 are not evasive and are satisfactory.

Interrogatory 23 inquires of Sheriff Allen whether Deputy Sheriffs Smith and Hagan were "found to have committed violations accused of, or found not to have committed violations." Defendant Allen answered with a simple "I don't know," which the court finds insufficient. A party answering discovery is under a duty to undertake a certain modicum of investigation. Defendant Allen will be required to supplement this discovery response by **December 7, 2018**, which should be sufficient time for the Sheriff to undertake an investigation to determine whether Deputies Smith and Hagan were either accused of violations and if so what was the disposition of any Washoe County Sheriff's Office investigation into these deputies' conduct regarding the toxic fume issue.

Interrogatory 24 is argumentative in that its premise is that Defendants Smith and Hagan "violated Plaintiff's rights on June 22, 2017, in unit six of the Washoe County Jail." Further, the claim for relief allowed to proceed against Defendant Allen was whether he is liable to Plaintiff for being deliberately indifferent to Plaintiff's safety, not whether he did or did not hold Defendants Smith and Hagan accountable.

Plaintiff's motion is **GRANTED** in part as to Interrogatory 23. Plaintiff's motion is **DENIED** in all other respects.

///

///

**Motion for Sanctions (ECF No. 44)**

Plaintiff seeks the court to "impose sanctions on the defendant pursuant to FRCP 37(e) for the defendant's deliberate and prejudicial failure to preserve electronically stored information." Plaintiff does not specify which Defendant was under the obligation to preserve this evidence. The Plaintiff refers to "defendant" (singular) and then later in that sentence, Plaintiff uses the possessive form of the noun "defendant" also in the singular. (ECF No. 44 at 1, 4). He states that the grievance "puts the W.C.D.F./Administration on notice" but these entities are not parties to this case. Plaintiff references the grievance he submitted on June 25, but the grievance is directed to no one in particular. As discussed above, Plaintiff's grievance was responded to by "Sgt. Beard" who is not a Defendant in this case. Other than claiming "video surveillance will confirm" the toxic fumes and relocation of other inmates, the grievance does not request nor demand retention of the "video surveillance." (ECF No. 44 at 1, 7).

Although he is not a party to this case, Sgt. (now Lt.) Beard provides a plausible explanation as to why the video was not retained (ECF No. 49 at 2; 49-2 at 2). In that regard, counsel's letter which this order quotes above at p. 4 states Lt. Beard did not review the video surveillance in unit six because (1) Plaintiff was the only inmate who complained (3 days after the event) that there were toxic fumes in unit six, and (2) toxic fumes would be "virtually impossible to detect on video-surveillance cameras." (ECF No. 45-2 at 2).

Plaintiff argues that the policies of the Detention Facility (§ 715.281) suggest "Non-Evidence Audio/Video Recordings" should be retained for three years. (ECF No. 44 at 10). On the other hand, § 715.282, in referencing the "Digital Video Recording System" of the Washoe County Detention Facility, although capable of storing a large amount of data, "may overwrite that data after a period of time." (ECF No. 44 at 11).

"Non-evidence audio/visual records" is not defined in § 715.281. This section refers to the recording being logged in with a "case number," which suggests to the court this section may not pertain to jail activity in general but rather a specific case. § 715.282, however, refers to video monitoring of the Washoe County Detention Facility (as opposed to a specific case incident), which appears to be more applicable. As noted above, although the Facility's Digital Recording System is capable of recording a large amount of data, that data (which does not have to be retained for any specific time period) "after

a period of time the data will be written over." (ECF No. 44 at 10-11).

Regardless of the policies of the Washoe County Detention Facility pertaining to video recordings, important to Plaintiff's motion to compel is that Plaintiff does not make any argument Defendants Smith and Hagan either should have preserved the video or were responsible for the video being overwritten. Additionally, the grievance regarding the toxic fumes was not submitted to Sheriff Allen, nor was Sheriff Allen personally involved with the retention or review of this video. (ECF No. 45-1; ECF No. 49 at 1; ECF No. 49-1 at 2). Plaintiff's argument that "Defendant Allen is liable for the alleged violations committed by his agent Lieutenant Beard's decision to violate law and policies mandating the preservation of video recorded evidence . . ." (ECF No. 51 at 2) is not a viable avenue of recovery under 42 U.S.C. § 1983. Liability for violations of one's civil rights cannot be imposed vicariously. *Monell v. Dept. of Social Services*, 436 U.S. 568 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Maxwell v. City of San Francisco*, 708 F.3d 1075 (9th Cir. 2013).

Plaintiff's Motion for Sanctions (ECF No. 44) is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 21, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE