UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DAVID HOWELL a/k/a ANDRE GILLIAM,

Plaintiff,

v.

SHERIFF CHUCK ALLEN, *et al.*,

Defendants.

Case No. 3:17-cv-00449-MMD-WGC

ORDER

Before the Court are two objections to separate orders Magistrate Judge William G. Cobb issued in this case. (ECF Nos. 55, 76.) First, Plaintiff objects to Judge Cobb's denial of his motion for sanctions ("First Objection"). (ECF Nos. 55 (objection), 52 (order), 44 (motion).) Second, Plaintiff objects to Judge Cobb's denial of his motion to compel certain requests for production ("RFP")—Nos. 1, 2, 3, 4, and 7—after a hearing on the matter ("Second Objection"). (ECF Nos. 76 (objection), 75 (order), 56 (motion).) Finding no clear error, the Court overrules both objections.

In reviewing a magistrate judge's non-dispositive pretrial order, the magistrate's factual determinations are reviewed for clear error. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate judge's pretrial order issued under § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

///

1    The Court finds that Judge Cobb's denial of Plaintiff's motion for sanctions was not
in error. In the motion for sanctions, Plaintiff sought sanctions for "Defendant's deliberate
and duplicit destruction of evidence, electronically stored information confirming violations
inflicted upon plaintiff by the Defendants." (ECF No. 44 at 4.) The allegedly pertinent video
was overwritten. Judge Cobb denied the motion, finding, *inter alia*, that Plaintiff failed to
establish that either of the relevant Defendants—Heather Hagan and Sean Smith—were
responsible for the video being overwritten. Moreover, Plaintiff's motion for sanctions failed
to establish any deliberate conduct by the overwriting of the video. Pertinently, Plaintiff
notes that in response to his request for production of the video, he received the following
response from Defendants:

> Th[e] requested video surveillance footage does not exist because the video surveillance system in-place at the time did not store footage for more than a few-months, and the footage requested is over one year old.

(ECF No. 44 at 2-3; *cf. id.* at 9.) Given these considerations, the Court overrules Plaintiff's
First Objection.

The Court additionally overrules Plaintiff's Second Objection. Judge Cobb denied
Plaintiff's RFP Nos. 1, 2, 3, and 7 because the requests were not directed to the custodian
of records, and because he found that Plaintiff's requests had received adequate
responses. (ECF No. 75 at 3.) Judge Cobb overruled Plaintiff's RFP No. 4 finding the
requested information was privileged and/or not relevant. (*Id.* at 2.) Nothing in Plaintiff's
Second Objection supports a finding that Judge Cobb's rulings were clearly erroneous.

It is therefore ordered that Plaintiff's objection to Magistrate Judge Cobb's denial of
his motion for sanctions (ECF No. 55) is overruled.

It is further ordered that Plaintiff's motion for status check on ECF No. 55 (ECF No.
81) is denied as moot.

///

It is further ordered that Plaintiff's objection to Judge Cobb's denial of his motion to compel the production of RFP Nos. 1, 2, 3, 4, and 7 (ECF No. 76) is overruled.

DATED THIS 27th day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE