UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID HOWELL a/k/a ANDRE GILLIAM, | Case No. 3:17-cv-00449-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| SHERIFF CHUCK ALLEN, *et al.*, | |
| Defendants. | |

**I.  SUMMARY**

Plaintiff David Howell a/k/a Andre Gilliam brought this civil rights action under 42 U.S.C. § 1983. There are two Report and Recommendations ("R&Rs") before the Court from Magistrate Judge William G. Cobb (ECF Nos. 85, 86) concerning separate motions for summary judgments filed by Defendants Sean Smith and Heather Hagan (ECF No. 57) and Sheriff Chuck Allen (ECF No. 63). Plaintiff filed an objection to the R&Rs ("Objection") (ECF No. 87). Smith, Hagan and Allen filed responses. (ECF Nos. 88, 89.) For the reasons stated below, the Court overrules Plaintiff's Objection and accepts and adopts the R&Rs in entirety.[1]

**II.  BACKGROUND**

Plaintiff is currently in the custody of the Nevada Department of Corrections ("NDOC"). The R&Rs clarify that the events giving rise to this case occurred while Plaintiff was a *pretrial detainee* housed at the Washoe County Detention Facility (WCDF)[2] on June 22, 2017. (*E.g.*, ECF No. 85 at 10–12; ECF No. 86 at 4–7.) The crux of Plaintiff's

///

---

[1]In addition to the R&Rs and motions, the Court has considered the accompanying responses (ECF Nos. 74, 79) and replies (ECF Nos. 78, 80).

[2]Both the Court's screening order (ECF No. 12) and the R&Rs refer to Washoe County Detention Center (WCDC), but the parties provide the proper name is Washoe County Detention Facility.

allegations is that on the noted date he was exposed to toxic gases and fumes from construction on the roof of the unit where Plaintiff was housed.

On screening, Plaintiff was allowed to proceed with the following claims. As against Smith and Hagan, Plaintiff was permitted to move forward with a Fourteenth Amendment Equal Protection Clause claim and an Eighth Amendment deliberate indifference to safety claim. (ECF No. 12.) Both claims are based on allegations that Smith and Hagan left Plaintiff in a cell that was heavy with toxic fumes while they released other similarly-situated inmates because Plaintiff was asleep and Plaintiff was sickened by the fumes which required treatment from the infirmary. (*Id.* at 6–7, 9.) As against Allen, Plaintiff was also permitted to proceed with an Eighth Amendment deliberate indifference to safety claim. (*Id.* at 8.) This claim is based on allegations that Allen knew of the roof construction and toxic materials being used, but took no steps to protect the inmates, including Plaintiff, from the fumes. (*Id.* at 5.)

Further background regarding Plaintiff's allegations and Defendants' responses are explained in detail in the R&Rs (ECF Nos. 85, 86), which this Court adopts.

**III. LEGAL STANDARD**

**A. Review of Magistrate Judge's Recommendation**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiff's Objection, this Court engages in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's R&Rs.

**B. Summary Judgment Standard**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings,

1    the discovery and disclosure materials on file, and any affidavits "show that there is no
2    genuine issue as to any material fact and that the moving party is entitled to a judgment
3    as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is
4    "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could
5    find for the nonmoving party and a dispute is "material" if it could affect the outcome of the
6    suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

**IV.    DISCUSSION**

In the R&Rs, Judge Cobb recommends granting summary judgment on all claims. The Court agrees with the R&Rs and accordingly grants summary judgment for Defendants.

**A.    Plaintiff's Deliberate Indifference Claims Against the Three Defendants**

As an initial matter, the Court agrees with Judge Cobb that as a pretrial detainee Plaintiff's claims of deliberate indifference to safety arise under the Fourteenth Amendment (ECF No. 85 at 10–12; ECF No. 86 at 4–7). *See, e.g.*, *Castro v. County of*

*Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016) (explaining that because a pretrial detainee may not be punished prior to conviction his claims of injury are brought under the Fourteenth Amendment's due process clause). The Court also agrees that an objective standard—as opposed to a dual objective and subjective analysis for claims raised under the Eighth Amendment—applies here. *See, e.g., Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (providing the applicable objective framework/factors).[3]

Plaintiff raises his particular objections separately as to Judge Cobb's grant of summary judgment in favor of Allen and as to Smith and Hagan. (ECF No. 87.) Upon reviewing the record in this case (*e.g.*, ECF Nos. 57, 57-1–57-5; ECF Nos. 74, 79; ECF Nos. 63, 63-1–63-5) as to the claims against the three Defendants and considering the applicable objective standard, the Court agrees with Judge Cobb's ultimate findings in the R&Rs, discussed *infra*.

### 1. Allen

The summation of Plaintiff's objections is that Judge Cobb disregarded evidence favorable to Plaintiff, mischaracterized the facts, and failed to draw *all* inferences in Plaintiff's favor—as the non-moving party (ECF No. 87 at 3–6). *But see Scott v. Harris*, 550 U.S. 372, 378 (2007) (requiring only that "reasonable" inferences be so drawn); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) ("[T]he court must draw *all reasonable inferences* in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.") (emphasis added). Relevantly, Judge Cobb found no evidence Allen made any intentional decisions regarding the construction project or the materials used to support Plaintiff's claim against Allen. (*e.g.*, ECF No. 86 at 11; *see also* ECF No. 63-1 at 50–51 (Plaintiff speculating during his deposition testimony that the construction materials were toxic and providing conjecture that Allen "would want

///

///

///

---

[3]The R&Rs provide the factors in detail. (ECF No. 85 at 12; ECF No. 86 at 7.)

4

to be informed of the materials being used prior to them being used").) The Court agrees with this finding.

Nothing in Plaintiff's Objection belies the Court's conclusion that Judge Cobb made the correct ruling on the claim against Allen. First, Plaintiff's Objection does not make fully clear how Judge Cobb mischaracterized the facts. In any event, Plaintiff pertinently made the following points. Plaintiff notes that Allen admitted that he is responsible "to protect the health and welfare, safety and security of inmates in . . . custody [at WCDF]." (ECF No. 87 at 4.) He further contends that Judge Cobb should have inferred that toxic materials were used in construction because it is "safe" for a reasonable person to make such a conclusion. (*Id.* at 5.) Plaintiff additionally argues that Judge Cobb should have inferred implicit knowledge by Allen of the toxicity of the construction materials because Allen knew that construction work was being conducted at WCDF. (*Id.* at 5; ECF No. 74 at 57.) Plaintiff also provides a new exhibit (ECF No. 87 at 17–47) which Plaintiff represents as providing the "toxic-materials" used for the construction on the relevant day. (*Id.* at 4–5.) Plaintiff notes that he did not previously provide this evidence because he is not "knowledgeable of the subject-matter and thus incapable of deciphering the toxic-materials." (*Id.* at 5.) This explains why Plaintiff fails to identify any particularly toxic materials in the exhibit.

Unfortunately, based on the presentation of the exhibit alone, the Court is also unable to decipher–and would be left to assume—which of the materials are, or could be, toxic, and if such materials used in a particular amount would cause injury to Plaintiff after one-day exposure. The Court would also need to assume that those doing the construction work failed to take any precautionary measures that are ordinarily attendant to doing such work. The Court cannot be so generous at this stage. Even assuming the materials being used—and as used for one day—were toxic, the Court agrees that Plaintiff provides no evidence to establish alleged knowledge by Allen. As Judge Cobb pinpoints "there is not even evidence that Allen had any involvement at all in the decision process with respect to construction materials or work." (ECF No. 86 at 11.) The Court cannot assume at summary judgment that protecting inmate's health and safety, etc. required Allen to also

approve and have knowledge of construction materials being used at WCDF on a particular day.

The Court therefore adopts Judge Cobb's recommendation to grant summary judgment in favor of Allen on this claim.

### 2. Smith and Hagan

Plaintiff chiefly alleges that: Judge Cobb disregarded evidence—particularly Defendants' alleged spoliation of video-evidence which captured Smith and Hagan releasing "similarly-situated" individuals from their cells but not "removing/releasing" Plaintiff from his cell; and Judge Cobb failed to properly apply the summary judgment standard. (ECF No. 87 at 6–12.) Plaintiff also alleges various ways in which he believes Judge Cobb was in error—many ways that do not materially affect Judge Cobb's ultimate ruling. (*Id.*) The Court here first reviews the deliberate indifference claim against Smith and Hagan and then turn to the equal protection claim Plaintiff asserts against them.

For the deliberate indifference claim, the Court finds that Judge Cobb relevantly considered the parties' different versions of the facts, drew the necessary inferences in favor of Plaintiff and concluded that Plaintiff fails to establish any of the objective factors of a deliberate indifference claim under *Gordon*. (ECF No. 85 at 13–15.) The Court particularly agrees that Plaintiff fails to establish the nexus that Smith and Hagan leaving him asleep during the construction caused the injuries Plaintiff alleges.[4]

Plaintiff essentially speculates that his asserted injuries were caused by exposure to toxic fumes from construction. Beyond his declarations summarily concluding causation, Plaintiff presents no evidence to establish causation between the one day of

///

---

[4] Plaintiff testified to having the following symptoms on the relevant day: could not walk; stomach and head were hurting; eyes were burning; and he was nauseous, fatigued, and dehydrated. (ECF No. 79 at 41; *see also id.* at 40 (additionally noting that Plaintiff reported back pain).) For his symptoms, Plaintiff was provided "aspirin or something like that." (*Id.* at 42.) However, while Plaintiff contends that he continues to suffer from injury resulting from the fumes he generally references his opposition as providing such evidence. (*e.g.*, ECF No. 87 at 4.) At most, one of Plaintiff's accompanying declaration summarily provides that he continues to take unspecified medication for persistent symptoms. (*e.g.*, ECF No. 79 at 39.)

6

exposure to fumes from construction and him becoming sick. (*E.g.*, ECF No. 79 (Pl.'s opposition) at 7–8, 10, 35, 39.) At most, Plaintiff contends that Defendants present no evidence that he was sick prior to the day in question. (*Id.* at 7; *see also* ECF No. 79 at 39 (Plaintiff declaring causation based on not being previously sick).) However, the Court is not persuaded by Plaintiff's attempt to turn correlation into causation. Notably, Plaintiff testified that following his admission to WCDF he suffered from heroin withdrawal and stopped taking several medications he had been previously taking for multiple ailments—such as "I believe Aten-, Atenolol for high blood pressure . . . [and] oxycodone for a sebaceous cyst that I have in my hip for the pain." (ECF No. 57-1 at 29–32.) To be clear, Plaintiff has the burden to provide evidence of causation. *Celotex Corp.*, 477 U.S. at 322 ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). He fails to carry that burden here.

Cumulatively, the Court accepts and adopts Judge Cobb's recommendations to grant summary judgment in favor of Defendants Smith, Hagan, and Allen on Plaintiff's claims of deliberate indifference to safety.

**B.   Plaintiff's Claim under the Equal Protection Clause Against Smith and Hagan**

Considering Plaintiff's relevant objections noted above, the Court additionally concludes that Smith and Hagan are entitled to summary judgment on Plaintiff's equal protection claim against them.

The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly-situated persons be treated equally under the law. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To establish an equal protection claim under 42 U.S.C. § 1983, a plaintiff must show that the defendants acted with the intent or purpose to discriminate against him based upon his membership in a protected class. *Furnace v. Sullivan*, 705 F.3d 1021, 2030 (9th Cir. 2013)

1 | (citation and quotations omitted). In a class of one context—as here—a plaintiff must show that the defendants intentionally treated him differently than similarly-situated individuals without any rational basis for the disparate treatment. *See, e.g.*, *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Judge Cobb found Plaintiff cannot support his equal protection claim against Defendants Smith and Hagan because Plaintiff cannot demonstrate he was *intentionally* treated differently than other similarly-situated individuals. (ECF No. 85 at 15–16.) The Court especially finds—as Judge Cobb did—that at most Plaintiff demonstrates that Smith and Hagan were negligent when, as Plaintiff alleges, they left Plaintiff asleep instead of waking him to be relieved from the fumes as other prisoners were permitted to do. (*Id.*) Particularly, Plaintiff does not dispute Judge Cobb's finding that "[Plaintiff] maintains that he asked Smith why he was not let out of his cell for relief like the other inmates, and Smith responded saying: 'because you were asleep.'" (*Id.* at 9; ECF No. 79 at 35.) Further, Smith's interrogatory responses relevantly provides that some inmates declined his and Hagan's offer to sit outside their cells to be relieved from the fumes because those inmates found the odor did not affect them or that the odor was not bad. (ECF No. 57-2 at 4.) The Court therefore finds that Plaintiff cannot establish that Defendants intentionally or purposefully discriminated against him and/or did so without a rational basis. Thus, Plaintiff cannot maintain his equal protection claim.

In sum, the Court grants Defendants' motions for summary judgment (ECF Nos. 57, 63) and adopts Judge Cobb's R&Rs (ECF Nos. 85, 86) in full.

**V.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

///

///

| | |
|---|---|
| 1 | It is therefore ordered, adjudged and decreed that the Report and Recommendations of Magistrate Judge William G. Cobb (ECF Nos. 85, 86) are accepted and adopted in entirety. |
| 4 | It is further ordered that Plaintiff's Objection (ECF No. 87) is overruled. |
| 5 | It is further ordered that Defendants Sean Smith, Heather Hagan and Sheriff Chuck Allen's motions for summary judgment (ECF Nos. 57, 63) are granted. |
| 7 | The Clerk of Court is directed to enter judgment accordingly and close this case. |
| 8 | DATED THIS 25th day of July 2019. |

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE